IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER GARTRELL,     No. 3:22-cv-00274-JR

    Plaintiff,     OPINION AND ORDER

v.

UNITED STATES POSTAL SERVICE, and
DOUG TULINO,[1] *Acting Postmaster General*,

    Defendants.

**BAGGIO, District Judge:**

On March 31, 2025, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R", ECF 88), recommending that this Court grant Defendant United States Postal Service's ("USPS") Motion for Partial Summary Judgment (ECF 75). Plaintiff objected ("Obj.", ECF 90) and Defendant responded (ECF 91). This Court ADOPTS Judge Russo's F&R with clarifications herein.

        **I.    LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. § 636(b)(1)(B), (C). If a party objects, the court "shall make a de

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Doug Tulino, the Acting Postmaster General of the United States Postal Service, for Louis Dejoy, the then-Postmaster General originally named by Plaintiff.

1 – OPINION AND ORDER

novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* § 636(b)(1)(C). The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## II.   DISCUSSION

Having reviewed the legal principles de novo, the Court generally agrees with the F&R but writes to clarify. The Court addresses two of Plaintiff's objections. First, Plaintiff objects to Judge Russo applying a severe *and* pervasive standard, rather than a severe *or* pervasive standard. Obj. at 4-5. The F&R analyzes whether the conduct Plaintiff experienced was severe and concluded it was "not sufficiently egregious to support a hostile work environment." F&R at 8. Additionally, the F&R analyzes whether the conduct Plaintiff experienced was pervasive and concluded that "[t]he repeated nature of the dozen or so inquiries does not transform those inquiries into an abusive environment[.]" *Id.* Therefore, the F&R applies the severe or pervasive standard and correctly found that the conduct at issue was not sufficiently severe or pervasive to create an abusive working environment.

Second, Plaintiff objects to Judge Russo's finding that Plaintiff did not subjectively perceive the work environment as hostile. Obj. at 5-7. The F&R correctly states that to succeed on his hostile-work environment claim, "Plaintiff must show that the work environment was both subjectively and objectively hostile." F&R at 7 (citing *McGinest v. GTE Serv. Corp.*, 360 F.3d

1103, 1113 (9th Cir. 2004)). Judge Russo found that "subjectively, the conduct was not sufficient to affect plaintiff's desire *to stay in his position*." F&R at 7 (emphasis added). Indeed, it is correct that subjectively, Plaintiff wished to stay in his position. However, the F&R does not concretely make a finding on whether Plaintiff subjectively perceived his work environment as hostile. Nevertheless, even if Plaintiff did perceive the work environment as subjectively hostile, the F&R correctly found that Plaintiff has not established that his work environment was objectively hostile. *See generally id.* at 7-9. Because Plaintiff has not shown that the work environment was objectively hostile, he cannot succeed on his hostile-work environment claim.

The Court concludes that, for the reasons identified by Judge Russo, Plaintiff fails to establish a prima facie case of hostile work environment based upon disability. Other than the clarifications, there is no basis to modify the F&R. The Court has also reviewed the pertinent portions of the record de novo and finds no errors in the Magistrate Judge's F&R.

### III.    CONCLUSION

The Court ADOPTS Judge Russo's Findings and Recommendation (ECF 88) with the clarifications herein. Therefore, Defendant's Motion for Partial Summary Judgment (ECF 75) is GRANTED. Plaintiff's hostile work environment claim is DISMISSED.

IT IS SO ORDERED.

DATED this  28th  day of May 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER